Widi Handayani LIE, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,** Respondent.

Nos. 06–1753–ag(L), 06–4251–ag(con), 07–0006–ag(con).

United States Court of Appeals, Second Circuit.

July 31, 2007.

Theodore N. Cox, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney, Frank D. Able, Assistant United States Attorney, Dallas, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Widi Handayani Lie, a native and citizen of Indonesia, seeks review of a December 14, 2006, order of the BIA denying her motion to reopen/reconsider her removal proceedings. *In re Widi Handayani Lie*, No. A97 969 980 (B.I.A. Dec. 14, 2006). Lie also seeks review of an August 14, 2006, order of the BIA denying her motion to reopen her removal proceedings. *In re Widi Handayani Lie*, No. A97 969 980 (B.I.A. Aug. 14, 2006). Lie further seeks review of the March 27, 2006, order of the BIA affirming the January 5, 2005, decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying Lie's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Widi Handayani Lie*, No. A97 969 980 (B.I.A. Mar. 27, 2006), *aff'g* No. A97 969 980 (Immig. Ct. N.Y. City Jan. 5, 2005). These petitions are now consolidated before this Court. We assume the parties' familiarity with the underlying facts and procedural history of the case.

I. Asylum, Withholding, and CAT

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ As a preliminary matter, because Lie did not challenge the agency's denial of her CAT claim in her brief to this Court, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005) (holding that the petitioner abandoned his challenge to the denial of his CAT claim by failing to discuss it in his brief).

■ Moreover, we dismiss Lie's asylum claim for lack of jurisdiction. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B) or its finding that an applicant failed to show either changed or extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Although we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Lie's argument is "essentially a quarrel about fact-finding" which we do not retain jurisdiction to review. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330 (2d Cir.2006).

■ As to Lie's withholding of removal claim, over which we retain jurisdiction, the IJ's finding that Lie did not suffer past persecution is supported by substantial evidence. The IJ properly noted Lie did not testify that she was harmed physically or threatened verbally, even during the 1998

anti-Chinese riots. While she saw and heard news reports of ethnic Chinese individuals being raped or killed, the most direct injury that she could allege was that a taxi driver threatened to shout that she and her aunt were ethnic Chinese if they did not pay double the usual rate. Because Lie's experiences do not rise to the level of persecution, the IJ's finding was proper. *Cf. Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006).

■ The IJ also properly found that Lie failed to demonstrate a well-founded fear of persecution. Noting that Lie remained in Indonesia until February 2001, the IJ found that Lie's "disinterest in leaving Indonesia after the May 1998 incident" did not "create a nexus between the incident and any … fears of future persecution." Indeed, Lie remained in Indonesia almost three years after the riots occurred, and she has not alleged that she suffered any harm during that time. Moreover, while Lie submitted several articles showing that the situation in Indonesia has worsened in general, she failed to show that ethnic Chinese continued to be targeted in Indonesia. Most of the recent articles that she submitted reported bombings by radicals aimed at tourists and other symbols of western influence. Because the IJ's findings were supported by the record, they will not be disturbed.

## II. Lie's First Motion to Reopen

■ Lie did not challenge the BIA's dismissal of her motion based on the International Covenant on Civil and Political Rights ("ICCPR") and her engagement to a U.S. citizen. We therefore deem those claims abandoned. *See Yueqing Zhang,* 426 F.3d at 542 n. 1, 546 n. 7. When the BIA denies a motion to reopen, we review the BIA's decision for an abuse of discre-

tion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ Governing regulations require that a motion to reopen be supported by affidavits or other evidence. *See* 8 C.F.R. § 1003.2(c)(1). Further, a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). The BIA properly found that Lie's motion was untimely under this general rule.

Section 1003.2(c)(3)(ii) affords an exception to this rule for people seeking asylum based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." The BIA did not abuse its discretion when it ruled that the exception did not apply. The only country conditions evidence that Lie submitted with her motion was an article titled, "Discriminatory laws and regulations against Chinese Indonesians by the Indonesia government." It lists various Indonesian laws that discriminate against the ethnic Chinese, but they were enacted well before Lie's hearing. Because this information existed and thus could have been discovered at the time of her hearing, Lie did not qualify for an exception to the 90–day filing requirement

for motions to reopen under 8 C.F.R. § 1003.2(c)(3)(ii).

Lie contends that articles she had previously submitted show worsening conditions in Indonesia in 2002 and 2003. Her argument is unavailing. First, those articles were submitted to the IJ in 2004 and not with her motion to reopen as required by 8 C.F.R. § 1003.2(c)(1). Second, the information provided in those articles was discoverable at the time of her hearing in 2005. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, the BIA did not abuse its discretion in denying Lie's first motion to reopen.

III. Lie's Second Motion to Reopen/Reconsider

■ We further conclude that the BIA did not abuse its discretion in denying Lie's second motion, which the BIA construed as both a motion to reconsider and a motion to reopen. The BIA properly found that, construed as a motion to reconsider, Lie's motion failed to assert an error of fact or law as required by 8 C.F.R. § 1003.2(b)(1). Indeed, Lie did not specify any errors in the BIA's prior decision, but instead alleged a new basis for relief from removal based on her marriage to a U.S. citizen.

■ The BIA also properly found that, construed as a motion to reopen, Lie's motion was both time—and numerically barred. The regulations provide that a party may file only one motion to reopen, and that such motion must be filed no later than 90 days after the date on which the final administrative decision was issued in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). This was Lie's second motion to reopen, and it was filed more than 90 days after the BIA's initial denial of her appeal on March 27,

2006. While the regulations provide exceptions to these limitations, the BIA properly found that no such exceptions were present here. *See* 8 C.F.R. § 1003.2(c)(3); *cf. Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (BIA 2002) (granting a motion to reopen to provide an individual the opportunity to pursue an application for adjustment of status if, *inter alia,* the motion is timely filed, not numerically barred, and submitted with proof of the bona fides of the marriage on which the adjustment application is based).

■ Finally, we lack jurisdiction to consider Lie's argument that the BIA failed to address her request to reopen her case *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petitions for review are DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).